THOMAS DENNIS, SHERIFF OF THE COUNTY OF SANTA BARBARA *v.* ALBERT PACKARD AND L. T. BURTON.

JUDGMENT AGAINST SURETIES ON AN INDEMNIFYING BOND.—If a Sheriff is indemnified for an act done by virtue of his office, and an action is brought against him to recover damages for the act, and judgment is recovered against him, the Sheriff cannot afterwards have judgment against the sureties on the indemnifying bond upon a notice of five days, unless he gave the sureties written notice of the action brought against him.

THE plaintiff, who was Sheriff of Santa Barbara County, by virtue of an attachment issued in the suit of *Abadie & Brothers* v. *Zuinga*, levied upon a quantity of corn and beans as the property of Zuinga. After the levy, one Curiac claimed the property, and a Sheriff's jury was called, who found that the property belonged to the claimant. The plaintiffs, Abadie & Brothers, with the defendants here as sureties, then gave the Sheriff an indemnifying bond. Afterwards Curiac brought an action against the Sheriff for the levy, and recovered judgment.

The Sheriff gave no written notice to the sureties of the pendency of the action, but after the judgment had been recovered by Curiac moved for judgment against the sureties on the indemnity bond, under the six hundred and forty-fifth section of the Civil Practice Act. The motion, by consent, was referred to a referee to investigate the facts and report a judgment. The referee reported a judgment in favor of plaintiff. Defendants moved the Court to set aside the judgment reported by the referee and substitute a judgment for the defendants for costs. The Court granted the motion, and plaintiff appealed.

*S. F. & J. Reynolds*, for Appellant.

*Eugene Lies*, for Respondents.

By the Court, SANDERSON, C. J.

The evidence upon which the motion was made is contained in the transcript, and agreed to by counsel. The plaintiff, upon the evidence introduced in support of the motion, was not entitled to a judgment against the sureties. Section six hundred and forty-five provides a summary remedy, of which a Sheriff cannot avail himself without showing a strict compliance with the terms of that section. It does not appear from the case made that the Sheriff ever gave the sureties the written notice of the action brought against him by Curiac, for which that section calls. Such being the case, he cannot avail himself of this remedy, but is left to his action upon the indemnity bond.

Judgment affirmed.